MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader, Bar No. 149638
david.schrader@morganlewis.com
Esther K. Ro, Bar No. 252203
esther.ro@morganlewis.com
Jahmy S. Graham, Bar No. 300880
jahmy.graham@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: +1.213.612.2500
Fax: +1.213.612.2501

Attorneys for Defendant
Toyota Motor Sales, U.S.A., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, BRENDA FLINN, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:17-cv-00035-VAP (KSx)<br><br>**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: June 5, 2017<br>Time: 2:00 p.m.<br>Judge: Hon. Virginia A. Phillips<br>Ctrm: 8A, 8th Floor |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92240108.7

REPLY ISO MOTION TO DISMISS FAC

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | | INTRODUCTION | 1 |
| II. | | ARGUMENT | 2 |
| | A. | Plaintiffs Fail To Plead The Existence Of An HVAC Defect | 2 |
| | B. | Plaintiffs' Breach Of Express Warranty Claims Fail | 4 |
| | C. | Plaintiffs' Breach Of Implied Warranty Claims Fail | 5 |
| | D. | Plaintiffs' Statutory Warranty Claims Fail | 6 |
| | E. | Plaintiffs' Fraud-Based Claims Fail Because Plaintiffs Do Not Plead A Material Omission Or A Duty To Disclose | 7 |
| | F. | The Economic Loss Rule Bars Plaintiffs' Negligent Misrepresentation Claims | 9 |
| | G. | Plaintiffs Fail To Rebut Toyota's Arguments As To Why Their Claims For Equitable Remedies Should Be Dismissed | 10 |
| | H. | Statutes Of Limitation Bar Plaintiffs Kennedy And Alley's Claims | 11 |
| | I. | Plaintiffs Do Not Have Standing To Pursue Claims Regarding Vehicles They Did Not Purchase | 11 |

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Bates v. United Parcel Serv., Inc.*
511 F. 3d 974 (9th Cir. 2007) .................................................................................. 12

*Bhatt v. Mercedes-Benz USA, LLC*
No. CV 16-03717 TGH (RAOx) (C.D. Cal. Mar. 9, 2017) ................................... 4

*Byler v. Deluxe Corp.*
No. 16-cv-493, 2016 WL 8669404 (S.D. Cal. Aug. 18, 2016) ........................... 12

*East River Steamship Corp. v. Transamerica Delaval, Inc.*
476 U.S. 858 (1986) ............................................................................................. 10

*Evans v. Trinity Indus., Inc.*
137 F. Supp. 3d 877, 882 (E.D. Va. 2015) .......................................................... 11

*In re MyFord Touch Consumer Litig.*
46 F. Supp. 3d 936, 970 (N.D. Cal. 2014) ............................................................. 5

*In re Toyota Motor Corp.*
790 F. Supp. 2d 1152 (C.D. Cal. 2011) ................................................................. 5

*Melton v. Century Arms, Inc.*
No. 16-21008-CIV, 2017 WL 1063449 (S.D. Fla. Mar. 20, 2017) ....................... 6

*Salas v. Toyota Motor Sales, U.S.A., Inc.*
No. CV 15-8629 FMO (Ex) (C.D. Cal. Sept. 27, 2016) ................................... 3, 4

*Sater v. Chrysler Group, LLC*
No. EDCV 14-00700-VAP, 2015 WL 736273 (C.D. Cal. Feb. 20, 2015) ........................................................................................................................ 4, 5

*Schneider v. California Dep't of Corrections*
151 F. 3d 1194 (9th Cir. 1998) ............................................................................... 9

*Silva v. U.S. Bancorp*
No. 5:10-CV-01854, 2011 WL 7096576 (C.D. Cal. Oct. 6, 2011) ..................... 10

*Soo Park v. Thompson*
851 F. 3d 910 (9th Cir. 2017) ................................................................................. 3

# TABLE OF AUTHORITIES
(continued)

**Page**

*Thomas v. Brett Sports & Entm't, Inc.*
 No. 16-cv-00480, 2016 WL 4472995 (C.D. Cal. Aug. 23 2016) ........................ 12

*Williams v. Yamaha*
 851 F. 3d 1015 (9th Cir. 2017) .................................................................. 4, 8

*Wilson v. Frito-Lay N. Am., Inc.*
 961 F. Supp. 2d 1134 (N.D. Cal. 2013) .............................................................. 12

*Yagman v. General Motors Co.*
 No. CV-14-4696-MWF, 2014 WL 4177295 (C.D. Cal. Aug. 22, 2014) ................................................................................................................ 3

**OTHER CASES**

*Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*
 254 Va. 240 (1997) ............................................................................................ 6

*David v. Hett*
 293 Kan. 679,700 (2011) ................................................................................ 10

*Jackowski v. Borchelt*
 174 Wash. 2d 720 (2012) ................................................................................ 10

*Maloney v. Indymac Mortg. Servs.*
 No. CV 13-04781 DDP ................................................................................... 11

*Patterson v. BP Am. Prod. Co.*
 360 P. 3d 211 (2015) ....................................................................................... 11

*Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*
 119 Wash. 2d 334 (1992) .................................................................................. 6

**CALIFORNIA STATUTES**

Cal. Civ. Code § 1559 ........................................................................................... 6

**OTHER AUTHORITIES**

Rule 8 .................................................................................................................. 10

# TABLE OF AUTHORITIES
(continued)

**Page**

Rule 8(a)(3) ................................................................................................................ 10

Rule 9(b) ...................................................................................................................... 7

Rule 12(b)(6) ............................................................................................................... 9

## I. INTRODUCTION

Plaintiffs make numerous concessions that confirm that each claim in their First Amended Complaint ("FAC") should be dismissed. *First*, Plaintiffs do not dispute that the fundamental facts needed to show an alleged odor-causing defect—the retention of water and mold growth in their HVAC systems—are uniquely within their knowledge; yet, they plead these material facts only on "information and belief" in violation of *Iqbal* and *Twombly*. Plaintiffs do not allege that they ever examined their HVAC systems, have ever seen any mold growth or water accumulation in those systems, or have ever tested their vehicles for mold. Moreover, Plaintiffs' own defect theory is undermined by the documents they incorporate into their FAC, which make clear that there are alternative causes of HVAC odors unrelated to the alleged defect. Plaintiffs allege no specific facts to link the odors they allegedly have experienced to a defect with their HVAC systems—much less facts to demonstrate that nearly every Toyota and Lexus vehicle manufactured during the past decade contains an odor-causing defect posing an "unreasonable safety hazard." Plaintiffs' defect theory is not plausible.

*Second*, Plaintiffs make several concessions that are fatal to their breach of express warranty claims. Plaintiffs concede that this Court has interpreted nearly identical written warranties to *exclude* design defects like the one alleged here. Plaintiffs also concede they never brought their vehicles in for any "repairs and adjustments" as required under their written warranties.

*Third*, Plaintiffs agree that not all alleged defects render a product unmerchantable; yet, Plaintiffs do not allege that the defect renders their vehicles unable to provide transportation or otherwise fall below "the most basic degree of fitness." Plaintiffs also concede they are not in privity with Toyota. Thus, Plaintiffs' breach of implied warranty claims fail.

*Fourth*, Plaintiffs' fraud-based claims rest primarily upon a failure to disclose theory regarding HVAC odor; yet, Plaintiffs do not dispute that Toyota discloses

the possibility of HVAC odor in their owners' manuals.  Also, Plaintiffs identify no facts to show an "unreasonable safety hazard" with respect to their vehicles or that Toyota otherwise had a duty to disclose under their common law fraud claims.

*Fifth*, Plaintiffs concede they have not suffered any personal injury or property damage; thus, their negligent misrepresentation claims are barred by the economic loss rule.

*Sixth*, Plaintiffs do not dispute that they may be entitled to an adequate legal remedy and there is no distinction between the factual bases for their legal and equitable claims.  Therefore, their claims for equitable relief fail.

*Lastly*, Plaintiffs identify no facts to show that their HVAC systems are the same or even similar to the more than 200 other (vastly different) proposed class vehicles they never purchased.  Article III standing is a threshold jurisdictional matter that should be resolved now—before burdensome discovery commences on over 200 proposed class vehicles.  Plaintiffs have no standing to pursue claims on behalf of vehicles they never purchased.

## II.     ARGUMENT

### A.     Plaintiffs Fail To Plead The Existence Of An HVAC Defect.

Plaintiffs argue that their HVAC systems are defective because they fail to "adequately drain . . . condensed water," leading to mold growth and odor in their vehicles.  Opp. at 3:9–14.  This defect theory is not plausible as to the named Plaintiffs because: (1) Plaintiffs rely only on conclusory "information and belief" allegations, without alleging facts to show that their HVAC systems ***actually*** retain water or contain mold growth; and (2) Plaintiffs do not plead specific facts connecting the alleged defect in their vehicles to any purported odors from their HVAC systems.  Mot. at 9:3–12:9.

Plaintiffs do not dispute that they have not tested their vehicles for mold; that they have not examined their HVAC systems; and that there are multiple causes of HVAC odor.  Further, Plaintiffs do not dispute that whether or not their HVAC

1  systems retain water or contain mold growth are material facts uniquely within their
2  possession. *See Yagman v. General Motors Co.*, No. CV-14-4696-MWF, 2014 WL
3  4177295, at *3 (C.D. Cal. Aug. 22, 2014) (plaintiff failed to allege a defect, in part,
4  because the "[p]laintiff is in the best position to ascertain the condition of the car
5  engine, which evidently is still in his possession"). Based on these concessions,
6  Plaintiffs have not plausibly pled the alleged defect in their own vehicles.

7  Plaintiffs argue that they may plead the alleged defect on "information and
8  belief" as long as they provide "'a statement of facts on which the belief is
9  founded.'" Opp. at 6:11–14. This is incorrect. The Ninth Circuit recently made
10 clear that "information and belief" allegations are sufficient to satisfy *Iqbal* only if
11 they are "peculiarly within the possession and control of the defendant" or where
12 they are based on "factual information" that makes the inference plausible. *Soo*
13 *Park v. Thompson*, 851 F. 3d 910, 928 (9th Cir. 2017) (internal citation omitted).
14 Plaintiffs offer neither. They concede that the critical facts are within their own
15 possession and control, and they do not identify any additional facts to show that
16 the vehicles have mold or retain any type of condensed water.

17 Nor are allegations of odors sufficient to plausibly plead a defect, given that
18 Plaintiffs admit to the existence of alternative causes of HVAC odor unrelated to
19 any alleged defect. *See* Opp. at 6:11–7:2; FAC at Exhs. A, B, C, and D (*e.g.*,
20 "[b]lockage of the evaporator housing drain pipe;" odors from air fresheners and
21 pets that accumulate in the HVAC system, etc.). Plaintiffs' argument that Toyota
22 has tried to "raise facts contrary to the complaint" is not well taken. Opp. at 5:20–
23 6:3. Instead, Toyota properly refers to the very documents Plaintiffs incorporate
24 into their FAC, and these documents identify alternative sources of HVAC odor—
25 which Plaintiffs admit "directly contradict[] the allegations in the First Amended
26 Class Action Complaint (Opp. at 2:11–14)." *See* Mot. at 7:28–8:6 (incorporation
27 by reference doctrine).

28 The two unpublished district court decisions cited by Plaintiffs—*Salas v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92240108.7

3      REPLY ISO MOTION TO DISMISS FAC

*Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (Ex) (C.D. Cal. Sept. 27, 2016) and *Bhatt v. Mercedes-Benz USA, LLC*, No. CV 16-03717 TGH (RAOx) (C.D. Cal. Mar. 9, 2017) (cited in a notice of supplemental authority (Dkt. 44))— fail to support Plaintiffs' claims here. Unlike *Salas* and *Bhatt*, Plaintiffs here have attached documents as part of their FAC that negate their allegations of a defect, namely, technical documents describing alternative sources of odor unrelated to any defect, and Toyota has properly presented owners' manuals disclosing the possibility of HVAC odor. Neither *Salas* nor *Bhatt* considered the propriety of "information and belief" allegations under these circumstances.[1] Because the particular characteristics of Plaintiffs' FAC refute the plausibility of their defect allegations, all of their claims fail.

### B. Plaintiffs' Breach Of Express Warranty Claims Fail.

Plaintiffs' breach of express warranty claims fail because: (1) Toyota and Lexus express warranties only cover "materials or workmanship" and not design defects; and (2) Plaintiffs concede they did not seek any repairs during the warranty period, as required by their written warranties. Mot. at 12:17–13:28.

Plaintiffs argue that their express warranties cover design defects. Opp. at 8:19–9:18. But as this Court has previously held, design defects are not covered by warranties limited to "materials or workmanship." *Sater v. Chrysler Group, LLC*, No. EDCV 14-00700-VAP (DTBx), 2015 WL 736273, at *4 (C.D. Cal. Feb. 20, 2015). Nor do Plaintiffs identify any ambiguities in the warranty language at issue in this case so that it could possibly extend to design defects.

Plaintiffs also argue that they have pled a manufacturing defect covered by the express warranty. Opp. at 9:3–4. But this Court has previously rejected similar

---

[1] Further, the *Salas* order was issued before the Ninth Circuit's decision in *Williams v. Yamaha*, 851 F. 3d 1015 (9th Cir. 2017), which confirms that an "unreasonable safety hazard" is required to plead a duty to disclose under state consumer protection laws, and that dispositive issue was not raised in *Bhatt*. *See* Sec. II.E (discussing requirement for "unreasonable safety hazard").

attempts where the complaint focuses on a design defect and lacks any specific allegations of a manufacturing defect. *Sater,* 2015 WL 736273, at *4 & n.5. Contrary to Plaintiffs' suggestion (Opp. at 9:8–10), they cannot use the discovery process to try to meet their pleading burden.

Lastly, Plaintiffs argue they did not have to seek any repairs because any such efforts would have been "futile." Opp. at 9:19–10:2, citing U.C.C. § 2-719(2). Plaintiffs do not cite a single case under any applicable state law recognizing this exception—because there is no such exception. Before any warranty is found to have "fail[ed] its essential purpose," the seller *must be* given an opportunity to repair or replace the product, regardless of what the consumer believes the outcome may be. *See In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 970 (N.D. Cal. 2014) (dismissing claims where plaintiffs failed to seek repairs and noting that plaintiffs cited no cases establishing a futility exception); *In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1174 (C.D. Cal. 2011) (applying principle).[2]

### C. Plaintiffs' Breach Of Implied Warranty Claims Fail.

Plaintiffs concede that the implied warranty of merchantability under applicable state laws only "requires that products possess 'the most basic degree of fitness for ordinary use.'" Opp. at 11:6–8. Plaintiffs fail to allege specific facts that the alleged defect rendered their vehicles unusable for transportation or caused the vehicles to fall below the "most basic degree of fitness." Mot. at 14:1–15:11.

Plaintiffs argue they have pled a breach of implied warranty because mold "pose[s] a serious health risk, and the trapped water can also disrupt the operation of vehicles' airbag systems." Opp. at 12:4–13. As discussed in Section II.E and in

---

[2] Also, Plaintiffs do not plausibly allege that presenting their vehicles for repair would have been futile. Plaintiffs reference the 1997 TSB (inapplicable to the proposed class vehicles) and the 2005 Toyota course manual, which address HVAC odor generally and not the defect alleged by Plaintiffs. Further, more recent documents attached to the FAC confirm that "repairs and adjustments" may be available to mitigate and minimize HVAC odor. *See, e.g.,* FAC at Exh. B (2011 TSB re: newly designed evaporator) and Exh. C (2013 TSB re: charcoal filter).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

DB1/ 92240108.7

5 REPLY ISO MOTION TO DISMISS FAC

Toyota's opening brief (*see* Mot. at 19:24–20:23), the safety risks asserted by Plaintiffs are speculative and conclusory. Plaintiffs fail to plausibly establish that (i) their vehicles have levels of mold that pose a health hazard (given the judicially noticeable fact that mold can be found in nearly every environment); (ii) trapped water exists in their HVAC systems that could impact their airbag systems (given Plaintiffs' exclusive reliance on a recall notice that does not involve their vehicles); or (iii) their vehicles are otherwise unsafe.

Plaintiffs' breach of implied warranty claims also fail because they concede they are not in privity with Toyota. Plaintiffs argue, however, that Virginia and Florida law do not require privity and that a third-party beneficiary ("TPB") exception excuses the privity requirement under California and Washington law. Opp. at 12:14–13:13. But more recent and well-settled Florida authority and controlling Virginia law stand for the opposite proposition—that privity is required where, as here, the plaintiffs seek economic losses. *See, e.g.*, *Melton v. Century Arms, Inc.*, No. 16-21008-CIV, 2017 WL 1063449, at *7 (S.D. Fla. Mar. 20, 2017); *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, 254 Va. 240, 245 (1997). And while California and Washington law may recognize a TPB exception to the privity rule under narrow circumstances, Plaintiffs do not allege any facts to support its application here. Plaintiffs have not pled that the "the sum of interaction and expectations between the purchaser[s] [Plaintiffs] and the manufacturer [Toyota]" demonstrate that a TPB contract exists. *See Touchet Valley Grain Growers, Inc. v. Opp & Seibold Gen. Const., Inc.*, 119 Wash. 2d 334, 345–47 (1992) (finding the TPB exception met where "the manufacturer knew the identity, purpose, and requirements of the purchaser's specifications and shipped the [product] directly to the purchaser"); *accord* Cal. Civ. Code § 1559.

### D. Plaintiffs' Statutory Warranty Claims Fail.

Plaintiffs do not dispute that their failure to allege a breach of express or implied warranty under state law requires dismissal of their Magnuson-Moss

1  Warranty Act ("MMWA") claim and Plaintiff Dey's Song-Beverly Act claim.
2  Opp. at 13:15–23; Mot. at 15:14–18.

3      Plaintiffs also concede they did not avail themselves of Toyota's informal
4  dispute resolution ("IDR") process as required under the MMWA, yet argue that it
5  would have been futile to do so. Mot. at 15:19–16:1; Hare Decl., *e.g.,* at Exh. 6
6  (exemplar warranty guide). As discussed above, Plaintiffs' futility argument fails.
7  *See, supra,* Sec. II.B and fn. 2. Plaintiffs' futility argument also fails because the
8  IDR process allows for remedies other than just repairs and includes resolving
9  disputes about warranty coverage.

10     **E.**     **Plaintiffs' Fraud-Based Claims Fail Because Plaintiffs Do Not**
11           **Plead A Material Omission Or A Duty To Disclose.**

12     Plaintiffs have not alleged an omission-based claim against Toyota under the
13 heightened pleading standard of Rule 9(b) because: (1) Toyota discloses the
14 possibility of HVAC odor in the owners' manuals; (2) Plaintiffs fail to allege an
15 "unreasonable safety hazard" necessary to establish a duty to disclose under state
16 consumer protection laws; and (3) Plaintiffs fail to plead any "exclusive"
17 knowledge exception necessary to support a duty to disclose under certain common
18 law fraud theories. Mot. at 16:4–25:6.[3]

19     Plaintiffs do not meaningfully oppose these arguments. *First*, Plaintiffs do
20 not dispute that Toyota discloses the possibility of HVAC odor in the owners'
21 manuals and that the information contained in the owners' manuals were available
22 at the time of purchase. Thus, Plaintiffs' chief complaint—the possibility of HVAC
23 odor—is disclosed to consumers, which negates any omission-based theory. *See*
24 Mot. at 18:4–19, citing *Barakezyan v. BMW of N. Am., LLC*, 2016 WL 2840803,
25 *12 (C.D. Cal. Apr. 7, 2016) (defendant satisfied duty to disclose because it

---

[3] Plaintiffs appear to have abandoned their affirmative misrepresentation theory of liability, and in any event, do not identify an affirmative misrepresentation by Toyota that does not amount to "mere puffery." Mot. 16:14–17:16.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92240108.7

7     REPLY ISO MOTION TO DISMISS FAC

"disclosed the potential for brake noise in its owner's manual," even though manual did not state the alleged underlying "defect" causing the noise).

*Second*, Plaintiffs try to avoid their obligation to plead an "unreasonable safety hazard" by mischaracterizing the Ninth Circuit's recent decision in *Williams,* 851 F. 3d 1015, as applying only when the defect manifests after expiration of the express warranty period.[4] Opp. at 22:12–27. Not so. *Williams* involved an alleged defect that manifested both ***during*** and after the express warranty period, and the Ninth Circuit stated in no uncertain terms that to plead a "failure to disclose" theory, a plaintiff must plead that the alleged defect caused a non-speculative "*unreasonable* safety hazard." *Williams*, 851 F. 3d at 1026 (emphasis added).

The safety issues alleged by Plaintiffs are speculative and do not meet the requirements set forth in *Williams* for an "unreasonable safety hazard." Mot. at 19:24–20:23. Plaintiffs do not allege that they tested for any mold growth or that any mold exists in their vehicles in excess of what exists in the ambient air. *Id.* Likewise, Plaintiffs do not allege any problem with their air bags; indeed, the entire basis for the alleged safety issue relating to water potentially entering the airbag module rests on a document that (1) has nothing to do with HVAC odor, (2) involves vehicle models that no named Plaintiff purchased, and (3) expressly states that it does not cover vehicles owned by Plaintiffs because "[t]he HVAC assembly used on other vehicles is of a different design." *Id.* Here, again, the documents upon which Plaintiffs themselves rely refute their allegations.

*Third*, Plaintiffs do not dispute that no duty to disclose exists generally in arms-length transactions where no fiduciary relationship exists. While Plaintiffs seek to invoke the "exclusive" knowledge exception (for those states that recognize this exception), they plead no facts to do so. Mot. at 22:11–25:6. Plaintiffs

---

[4] Plaintiffs' reliance on pre-*Williams* district court cases for the proposition that an "unreasonable safety hazard" is not a prerequisite to establish a duty to disclose is unavailing. Opp. at 21:23–22:11.

reference unidentified testing and consumer complaints, recalls, and TSBs, but they do not explain how these conclusory allegations establish Toyota's knowledge about an alleged defect in—much less an "unreasonable safety hazard" caused by—Plaintiffs' HVAC systems at the time of their purchases. Opp. at 17:13–17. Further, Plaintiffs do not dispute that the publicly available sources of information in the FAC, including various repair and customer complaint websites, refute the plausibility of "exclusive" knowledge by Toyota. FAC at ¶ 56; Mot. at 22:11–25:6.

*Lastly*, Plaintiffs argue that Toyota made "partial disclosures [through its owners' manuals] giving rise to a duty to disclose." Opp. at 29:3–4. But Plaintiffs have pled no facts in support of this theory, which cannot now be raised for the first time in their opposition.[5] Moreover, Plaintiffs' unpled argument proves why its omission theory fails: Toyota fully disclosed the potential for HVAC odor in Plaintiffs' vehicles and that there are ways to mitigate or reduce such odor. There was no omission.

### F. The Economic Loss Rule Bars Plaintiffs' Negligent Misrepresentation Claims.

Plaintiffs agree that each applicable state law applies the economic loss rule ("ELR") to bar negligence claims based on a defective product when a plaintiff only seeks economic losses and does not seek recovery resulting from personal injury or damage to other property. Opp. at 23:3–6; Mot. at 25:9–28. To avoid this bar, Plaintiffs suggest that their defective HVAC systems may have caused damage by "contaminating the passenger compartment." Opp. at 23:7–17. Not only is this allegation implausible, it is not pled in Plaintiffs' FAC and cannot be considered in ruling on the instant motion. *See Schneider*, 151 F. 3d at 1197 n. 1.

Plaintiffs also unsuccessfully argue that the ELR does not bar their negligent

---

[5] *See Schneider v. California Dep't of Corrections*, 151 F. 3d 1194, 1197 n. 1 (9th Cir. 1998) ("'[N]ew' allegations contained in the . . . opposition [to a motion to dismiss] . . . are irrelevant for Rule 12(b)(6) purposes").

misrepresentation claims under each state law, except California law, because "Toyota violated duties independent of any contractual obligations." Opp. 23:18–24:12. But Plaintiffs' relationship with Toyota is governed by their warranties, and Plaintiffs fail to allege that Toyota had a tort duty arising independently of any contractual obligation. *See* Sec. II.E; Mot. at 18:20–25:6; *see, e.g., East River Steamship Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 868 (1986) (no independent tort duty where plaintiffs' losses were economic in nature because "the injury suffered [][was] the failure of the product to function properly" and the "contracting party can seek to recoup the benefit of its bargain").[6]

### G. Plaintiffs Fail To Rebut Toyota's Arguments As To Why Their Claims For Equitable Remedies Should Be Dismissed.

Plaintiffs' claims for equitable remedies should be dismissed because (1) Plaintiffs may be entitled to an adequate remedy at law; (2) Plaintiffs do not allege any facts in support of their equitable remedies distinguishable from the facts in support of their legal remedies; and (3) unjust enrichment is unavailable because Plaintiffs plead the existence and enforceability of an express contract. Mot. at 26:1–27:21. Plaintiffs fail to address directly these arguments, and, thus, concede them. *See, e.g.*, *Silva v. U.S. Bancorp*, No. 5:10-CV-01854, 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) (applying principle to dismiss claims).

Plaintiffs' only argument is that Rule 8(a)(3) allows parties to plead in the alternative. Opp. 24:13–26. But courts in the Ninth Circuit have recognized that when an express contract is pled, as is the case here, "Rule 8 does not allow a plaintiff to circumvent state law by stating a claim for both express and quasi

---

[6] Instead of addressing the cases cited by Toyota, Plaintiffs rely on factually distinguishable authorities inapplicable to the instant case. *See, e.g., Jackowski v. Borchelt,* 174 Wash. 2d 720, 734 (2012) (ELR did not apply because fiduciary duty existed per Washington statutes governing real estate transactions); *David v. Hett,* 293 Kan. 679, 700 (2011) (holding narrowly that the ELR did not bar homeowners from asserting negligent performance claims against a residential contractor).

contract." *Maloney v. Indymac Mortg. Servs.,* No. CV 13-04781 DDP AGRx, 2014 WL 6453777, at *7 (C.D. Cal. Nov. 17, 2014) (internal citation omitted). Moreover, Plaintiffs' argument fails because, notwithstanding the ability to plead in the alternative, Plaintiffs do not allege facts to support the availability of an equitable remedy in the first instance.

### H. Statutes Of Limitation Bar Plaintiffs Kennedy And Alley's Claims.

Plaintiffs Kennedy and Alley do not dispute that, as pled, they respectively experienced the alleged defect at least seven and six years ago; thus, any applicable statutes of limitation for their claims under Virginia and Colorado law have long expired. Mot. at 27:22–28:16. Plaintiffs argue that their claims survive based on the doctrine of equitable tolling due to fraudulent concealment. Opp. at 25:15–26:7. As Plaintiffs recognize, they "must establish that the defendant undertook an affirmative act designed or intended . . . to obstruct the plaintiff's right to file her action." *Evans v. Trinity Indus., Inc.*, 137 F. Supp. 3d 877, 882 (E.D. Va. 2015). Colorado law also requires a plaintiff to allege she was "unable, by reasonable diligence, to discover facts necessary to determine the existence of a claim for relief." *Patterson v. BP Am. Prod. Co.,* 360 P. 3d 211, 221 (2015). Here, Plaintiffs do not identify an intentional act by Toyota that prevented them from timely filing their claims or otherwise allege facts that Plaintiff Alley (or any other Plaintiff) could not have discovered any supposed odor-causing HVAC defect through reasonable diligence.

### I. Plaintiffs Do Not Have Standing To Pursue Claims Regarding Vehicles They Did Not Purchase.

Plaintiffs' claims regarding vehicles they did not purchase should be dismissed because Plaintiffs do not have standing to pursue claims regarding models of vehicles they did not purchase. Mot. at 28:19–30:24. Plaintiffs do not address the first line of authority—which Toyota submits is the proper approach. Even under the more flexible standing test, Plaintiffs have not alleged facts

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92240108.7

11

REPLY ISO MOTION TO DISMISS FAC

showing that the more than 200 different model year vehicles, and any supposed omissions about them, are "substantially similar." *Id.* Plaintiffs exclusively argue TSBs addressing HVAC odor are sufficient to demonstrate that all of the proposed class vehicles are "substantially similar." Opp. at 26:17–19. But those TSBs merely state that HVAC odors may naturally occur, have multiple causes, and may be mitigated through various measures. *See* FAC at Exhs. A–D. They do not suggest that all proposed class vehicles, spanning ten years and ranging from a subcompact car to an SUV, have "substantially similar" HVAC systems or experience the defect alleged by Plaintiffs. Indeed, one of the exhibits attached to Plaintiffs' FAC explains that HVAC assemblies for the proposed class vehicles have "different design[s]." FAC at Exh. E [Dkt. 34-6 at ECF p. 7].

Further, this Court should address the question on whether Plaintiffs have standing to assert claims on behalf of absent class members now, rather than waiting until class certification, as urged by Plaintiffs. Opp. at 26:25–27:15. Standing is a "threshold" jurisdictional issue that should be decided at the outset of the case before "proceeding to the merits." *Bates v. United Parcel Serv., Inc.*, 511 F. 3d 974, 985 (9th Cir. 2007); *see also Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1142 (N.D. Cal. 2013). This is especially true here, where Plaintiffs seek to engage in massive class-wide discovery into more than 200 different model year vehicles to which they have no connection. The cases cited by Plaintiffs are inapposite. One denied a motion to strike class allegations as untimely under local rules. *See Thomas v. Brett Sports & Entm't, Inc.*, No. 16-cv-00480, 2016 WL 4472995, at *2 (C.D. Cal. Aug. 23 2016). The other court found standing because, unlike here, the "product ordered and the service provided is the same" for all putative class members. *Byler v. Deluxe Corp.*, No. 16-cv-493, 2016 WL 8669404, at *6 (S.D. Cal. Aug. 18, 2016). Put simply, Plaintiffs lack standing to pursue claims regarding hundreds of different vehicles to which they have no connection.

Dated: May 22, 2017

MORGAN, LEWIS & BOCKIUS LLP
David L. Schrader
Esther K. Ro
Jahmy S. Graham


By /s/ David L. Schrader
David L. Schrader
Esther K. Ro
Jahmy S. Graham
Attorneys for Defendant
Toyota Motor Sales, U.S.A., Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB1/ 92240108.7

13   REPLY ISO MOTION TO DISMISS FAC