UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No. 2:17-cv-00035-VAP (KSx)<br><br>**AMENDED STIPULATED PROTECTIVE ORDER**<br><br>Judges: Hon. Virginia A. Phillips<br>Hon. Karen L. Stevenson<br>(Magistrate) |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Joint Stipulation for Protective Order filed on October 26, 2017, the terms of the proposed protective order are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court. The Court's additions to the terms of the proposed protective order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.**

**GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer lists and other valuable research, development, commercial, financial, technical, pricing, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Therefore, Plaintiffs Paul Stockinger, Elizabeth Stockinger, Gailyn Kennedy, Basudeb Dey, Eliezer Casper and Yvette Alley ("Plaintiffs") and defendant Toyota Motor Sales, U.S.A, Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby stipulate and agree to the terms of this Stipulated Protective Order as follows:

**IT IS HEREBY STIPULATED**, subject to the approval of the Court that:

1. **APPLICABILITY OF THE PROTECTIVE ORDER.** This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with the Action (this information hereinafter referred to as "Discovery Material"). All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include third parties.

2. **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"** Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential, personal, proprietary or commercially sensitive information that requires protections provided in this Order (hereinafter referred to as "Confidential Material" or "Highly Confidential Material").

   a. **"Confidential Material."** For purposes of this Order, information considered to be Confidential Material includes any information that a Party believes in good faith to be confidential or sensitive non-public information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

   b. **"Highly Confidential Material."** For purposes of this Order, Highly Confidential Material shall include, but is not limited to, any Protected

Data (defined below) and/or Confidential Materials as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. In the event that a party in good faith believes that certain Protected Data compels alternative or additional protections beyond those afforded Highly Confidential Material, the parties shall meet and confer in good faith, and, if unsuccessful in agreeing upon protection, the Producing Party shall move the Court for appropriate relief within fifteen (15) days.

    c. Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

3. **MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

    a. **TIFF Documents.** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

    b. **Native Documents.** With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename.

DB1/ 94120906.3

3

AMENDED STIPULATED PROTECTIVE ORDER
2:17-cv-00035-VAP(KSx)

c. **Designating Depositions.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 30 days following receipt of the transcript.

d. **Non-Written Materials.** Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential". In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

4. **DISCLOSURE OF COVERED INFORMATION.** The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order. The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

5. **MATERIALS PREPARED BASED UPON COVERED INFORMATION.** Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

6. **NOTICE TO THIRD PARTIES.** Any Party issuing a subpoena to a third party shall enclose a copy of this Protective Order and advise the third party that, to the extent the third party intends to produce Confidential Material or Highly Confidential Material subject to the protection of this Protective Order, the third party shall notify the issuing Party at the time of production and follow the procedures set forth herein.

7. **GOOD-FAITH BELIEF.** For purposes of this Order, the Party designating Discovery Material as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" as defined above. Blanket designation of documents or information as "Confidential" or "Highly Confidential" without regard to the specific contents of each document or piece of information is prohibited.

8. If at any time prior to the trial of this Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate

"Confidential" or "Highly Confidential" designation as described above. The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order. Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status of the newly designated "Confidential" or "Highly Confidential" and to retrieve the newly designated "Confidential" or "Highly Confidential" from any person who is not permitted by this Order to have Confidential Information.

9. No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

10. **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** Confidential Material may be disclosed only to the following "Qualified Persons":

    a. the Court~~, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other~~ personnel necessary to assist the Court in its function, and the jury;

    b. mediators or other individuals engaged or consulted in settlement of all or part of this Action;

    c. the Parties;

    d. counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel and support

personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

e. litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 12 of this Order;

f. Any individual expert, consultant, or expert consulting firm retained by a Party or counsel of record of a Party in connection with this Litigation to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify or to assist counsel of record in the prosecution or defense of the Litigation, provided, however, that: (a) the recipients use the information solely in connection with this Litigation; (b) the recipient signs the written assurance attached as Exhibit A; and (c) provided that the terms of Paragraphs 12, 17 and 20 of this Order are met. Confidential or Highly Confidential Material may not be disclosed to any expert, consultant, or expert consulting firm who are currently employees of a direct competitor of Toyota. With respect to any expert, consultant, or expert consulting firm that is a current or former (within the past three years from the date of this Order) employee of a Party or any entity that directly competes with Toyota, no disclosure of Confidential or Highly Confidential Information shall occur *unless* Toyota is given at least twenty (20) days prior written notice of the

|   |   |
|---|---|
| 1 | identity of expert, consultant, or expert consulting firm (including |
| 2 | name, address, current job title and the names of any direct |
| 3 | competitors by which he or she has been employed), Toyota is |
| 4 | afforded an opportunity to object to the disclosure of the Confidential |
| 5 | or Highly Confidential Material, and a resolution to any such objection |
| 6 | has been reached either by agreement or Court order. |

    g. Any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; or (iv) whom counsel in good faith believes to have knowledge of the matters in the Covered Information. Any person other than a current employee falling with the above categories shall sign the written assurance attached as Exhibit A;

    h. auditors and insurers of the Parties; and

    i. any other person as may be designated by written agreement by the Producing Party or by order of the Court.

11. **PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.** Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material, Protected Data, or their contents may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 10(a)-(b), (d)-(f), (h) and (i), and:

    a. Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

    b. Any person who (1) (a) created, authored, received or reviewed such Covered Information, (b) is or was a custodian of the Covered

1 Information, (c) is identified on such Covered Information; and (2) who has signed executing Exhibit A as described in paragraph 12. Notwithstanding the foregoing counsel may disclose Highly Confidential Material while on the record in a deposition taken in this Action to a witness provided; (i) counsel in good faith believes the witness has knowledge of the matters contained in the Highly Confidential Material (but only as to the subject matter to which the witness is reasonably believed to have knowledge; and (ii) counsel in good faith deems it necessary for the prosecution or defense of this Action to show the Highly Information to the witness. The witness shall sign the Exhibit A as described in paragraph 12 before the material is disclosed. If a dispute arises regarding whether it is necessary for the prosecution or defense of the Action to show Highly Confidential Material to the witness, counsel for the parties present at the deposition shall meet and confer during the deposition in an attempt to resolve the dispute. If the parties are unable to resolve the dispute, the Highly Confidential Material shall not be disclosed to the witness until such time that the Court can resolve the dispute.

12. **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person to whom Covered Information is disclosed, except as identified in ¶¶ 10-11 above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

13. **CHALLENGING "CONFIDENTIAL" DESIGNATIONS.** Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's pretrial orders.

    a. **Challenge.** A Party challenging the designation of any material as Confidential or Highly Confidential shall give written notice to the Designating Party. No Party is obliged to challenge the confidentiality of any document or testimony at the time of receipt,

disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

b. **Meet and Confer.** Upon receipt of the written objection, counsel for the Designating Party shall, within ten (10) business days, provide a written response to the objecting Party explaining the basis and supporting authority for the designation. The Parties shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. As part of that process, the Designating Party must assess whether designation of a portion of the material as "Confidential" is a viable alternative to designation of the entire document.

c. **Discovery Motion.** If no agreement is reached, the Producing Party shall have thirty (30) days from the date the challenge was made to **commence the pre-motion conference outlined in the Hon. Karen L. Stevenson's Procedures and Schedules, available at [http://www.cacd.uscourts.gov/judges-schedules-procedures](http://www.cacd.uscourts.gov/judges-schedules-procedures). If authorized to do so following a pre-motion conference, the Producing Party shall** file and serve a motion pursuant to United States District Court Central District of California Local Rule 37-2 seeking an order prohibiting disclosure of the disputed material other than as permitted by this Protective Order. If the Producing Party does not initiate the **pre-** ~~discovery~~ motion **conference** process ~~under Local Rule 37-2~~ within thirty (30) days of a challenge, the subject Confidential Material or Highly Confidential Material designation is effectively withdrawn. The Receiving Party must make de-designation requests in good

faith. Mass, indiscriminate, or routinized requests for de-designation are prohibited.

    d. **Status of Challenged Designation Pending Judicial Determination.** Any document or testimony as to which such a ~~motion~~ **challenge** is made shall continue to be treated as confidential until the Court renders a decision or the motion is otherwise resolved. In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Designating Party shall reproduce copies of all materials so designated without Confidential or label at the Designating Party's expense within ten business days.

14. **SUBPOENA FOR COVERED INFORMATION.** If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and shall object to the production of such materials on the grounds of the existence of this Order. The Party requested to produce Covered Information shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Covered Information may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or any compulsory order shall not produce any Covered Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

15. **USE OF DISCOVERY MATERIAL:** Covered Information shall be used solely for purposes of the Litigation, including any appeal. Nothing in this Order shall limit the Producing Party's use of its own Covered Information.

16. **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS:** Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

17. **SECURITY OF COVERED INFORMATION.** Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction, including but not limited to:

   a. Covered Information in electronic format shall be maintained in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Covered Information under this Order;
   b. An audit trail of use and access to litigation support site(s) shall be maintained while this Litigation, including any appeals, is pending;
   c. Any Covered Information downloaded from the litigation support site(s) in electronic format shall be stored only on devise(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and/or encrypted with access limited to persons entitled to access Covered Information under this Order. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level.

d. Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order; and

e. Summaries of Covered Information, including any lists, memorandum, indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information.

f. If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence. If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

If the Receiving Party discovers a breach of security[1] relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach, and provide the Producing Party with assurance reasonably satisfactory to the Receiving Party that the breach shall not recur; and (3) provide sufficient information about

---

[1] Breach is defined to include, but is not limited to, the confirmed or suspected: (i) disclosure or use of Covered Information by or to an unauthorized person; and/or (ii) the loss, theft or hacking of a device containing Covered Information.

the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

18. **FILING COVERED INFORMATION.** The Parties acknowledge that they will maintain the confidentiality of Covered Information. The Parties will comply with applicable law, including any applicable local rules, when **seeking to file** documents under seal.

19. **PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION.** The Parties refer to the separately entered Stipulation Re: Production of Privileged Information (Rule 502(d)).

20. **FINAL TERMINATION.** Within 60 days of the final termination of the Action, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return or destroy all Covered Information, including any copies, excerpts and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Covered Information resides. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Covered Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work-product materials that contain Covered Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

21. **PROTECTIVE ORDER REMAINS IN FORCE.** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice.

Unless otherwise ordered or agreed upon by the parties, this Protective Order shall survive the termination of this Action. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

22. **MODIFYING THIS ORDER.** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court. Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**IT IS SO ORDERED.**

**DATED:** October 27, 2017

*/s/ Karen L. Stevenson*

Hon. Karen L. Stevenson
U.S. District Court Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], have read and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [insert date] in the case of *Stockinger et al. v. Toyota Motor Sales, U.S.A., Inc.*, Case No. 2:17-cv-00035-VAP (KSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this ____ day of _____, 20___, at _____ [insert city and state where sworn and signed].

Signature: _____