UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL STOCKINGER, ELIZABETH STOCKINGER, GAILYN KENNEDY, BASUDEB DEY, ELIEZER CASPER, and YVETTE ALLEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California corporation,<br><br>Defendant. | Case No.: 17-cv-00035-VAP-KS<br><br>**[PROPOSED] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION**<br><br>Hon. Virginia A. Phillips<br>Hon. Karen Stevenson (Magistrate Judge) |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Amended Proposed Stipulated Order Regarding The Disclosure of Privileged Information ("Stipulation") filed on October 26 , 2017, the terms of the Stipulation to which the parties have agreed are adopted as an order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as**

**set forth below, that those terms have been modified by the Court's amendment of paragraphs 4 of the Stipulation, shown in bold.**

Plaintiffs Paul Stockinger, Elizabeth Stockinger, Gailyn Kennedy, Basudeb Dey, Eliezer Casper and Yvette Alley ("Plaintiffs") and Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota") (collectively, "Parties"), by and through their respective counsel, have jointly stipulated to the terms of Stipulated Order Governing the Disclosure of Privileged Information, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

1. This Order shall be applicable to and govern all documents produced in response to requests for production of documents or subpoena pursuant to the Federal Rules, (collectively "Information").

## II. PRODUCTION OF DOCUMENTS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of privilege, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information and any related material.

3. The producing party must notify the receiving party promptly, in writing, upon discovery that privileged or otherwise protected Information has been produced (the "Identified Material"). Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party or destroyed within ten (10)

business days of receipt of such notice.  The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format.  The receiving party may make no use of the privileged content contained in Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.  The producing party will provide a privilege log providing information required by the Federal Rules of Civil Procedure and applicable case law to the receiving party when the producing party provides the receiving party notice of the Identified Materials.The receiving party may contest the privilege or work product designation by the producing party, and the receiving party shall give the producing party written notice of the reason for said disagreement.  The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege.  In that instance, the receiving party shall, within thirty (30) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the Identified Material. **Before filing a motion, the parties must comply with the Court's pre-motion conference procedures, available at [http://www.cacd.uscourts.gov/judges-schedules-procedures](http://www.cacd.uscourts.gov/judges-schedules-procedures).**

4. If no such Order is sought, upon expiration of the thirty (30) day period then all copies of the disputed Identified Material shall be returned in accordance with this Section.

5. Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged.  Such

analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

## III. PRIVILEGE LOGGING

6. The following documents presumptively need not be included on a privilege log:

    (a) Written or oral communications between a party and its litigation counsel in this Action after commencement of this action; or

    (b) Work product created by litigation counsel, or by an agent of litigation counsel (other than a party) in this action after commencement of this action.

7. An email thread for which a party claims a privilege may be logged in a single entry. With respect to e-mail threads for which a party claims a privilege, the parties shall log the "last-in-time" e-mail in each string provided that (a) each separate communication in the chain is at some point logged as the "last-in-time" e-mail, and (b) the privilege log notes that the e-mail communication is part of a string. If an embedded e-mail communication is not otherwise available, then it must separately be identified and logged.

**IT IS SO ORDERED.**

**DATED: November 7, 2017**

                                       _____
                                       Hon. Karen L. Stevenson
                                       United States Magistrate Judge

- 4 –

[~~PROPOSED~~] STIPULATED ORDER REGARDING THE DISCLOSURE OF PRIVILEGED INFORMATION